Rec'd 4/15/19

United States District Court
Eastern District Of New York
——————————————×

**ORIGINAL**

RECEIVED
APR 12 2019
PRO SE OFFICE

Belinda A. Wilson
Roberto V. Hamilton                                   Amended Complaint

      Plaintiffs

      Vs.

Captain Tony Brown N.Y.P.D. - In His
Individual And Official Capacity :
Lieutenant Yeon Jung - N.Y.P.D. -
In His Individual And Official Capacity :
Lieutenant Jose Vega - N.Y.P.D. -
In His Individual And Official Capacity :
Sergeant Paul Scocca, Shield No. 3616
N.Y.P.D. - In His Individual And Official
Capacity :
Sergeant John McGivney, Shield No. 851
N.Y.P.D. - In His Individual And Official
Capacity : : Detective Mathew Roget, Shield No. 5311 - N.Y.P.D.
Lieutenant Steven Caragallo - N.Y.P.D. -
E.S.U. - In His Individual And Official
Capacity : :
Detective Daniel Donaldson, Shield No. 4772
N.Y.P.D. - E.S.U. - In His Individual And
Official Capacity : :
Detective Lenin Guerrero, Shield No. 7483
N.Y.P.D. - E.S.U. - In His Individual And Official
Capacity : : Detective Robert Romano, Shield No. 7517 - N.Y.P.D. - E.S.U.
In His Individual And Official Capacity : :

| Civil Action / Suit |
| No. 18-CV-5219 |
| - LDH - SJB |
| |
| Under the Civil Rights |
| Act, 42 U.S.C. § 1983 |
| 28 U.S.C. § 1331, 1343, |
| Bivens Action Tort |
| Claim - In the Nature |
| Of Mandamus |

(1.)

Detective Michael Taggart - Shield No. 7633 - N.Y.P.D. - E.S.U.
In His Individual And Official Capacity ::
Detective Raymond Raglione - Shield No. 4062 - N.Y.P.D. E.S.U.
In His Individual And Official Capacity ::
Detective Jason Jackson - Shield No. 7402 - N.Y.P.D. E.S.U.
In His Individual And Official Capacity ::
Police Officer Jason Smith - Shield No. 16580 - N.Y.P.D.
In His Individual And Official Capacity ::
Detective Joseph McEvoy - Shield No. 7393 - N.Y.P.D. -
In His Individual And Official Capacity ::
Police Officer Michael Kalioh - Shield No. 90483 - N.Y.P.D.
E.S.U. - In His Individual And Official Capacity ::
Police Officer George Allen - Shield No. 6387 - N.Y.P.D.
In His Individual And Official Capacity ::
Police Officer Jeffrey Goris - Shield No. 17322 - N.Y.P.D.
In His Individual And Official Capacity ::
Police Officer Dwayne Edwards, Shield No. 13814 - N.Y.P.D.
In His Individual And Official Capacity ::
Police Officer Carlos Herrera, Shield No. 23317 - N.Y.P.D.
In His Individual And Official Capacity ::
Sergeant Daniel Berardi - Shield No. 729 - N.Y.P.D.
In His Individual And Official Capacity ::
Police Officer Henry Rivera, Shield No. 3959 - N.Y.P.D.
In His Individual And Official Capacity ::
Police Commissioner
In His Individual And Official Capacity ::
Deputy Police Commissioner
In His Individual And Official Capacity ::

(2.)

(1.) Comes Now, Ms. Belinda H. Wilson, And Mr. Roberto V. Houlton In the Above Styled And Files this This Suit Under the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 1343, Bivens Action Tort Claim In the Nature Of Mandamus...

(2.) Each Defendant Is Sued Individually And In His/Her Official Capacity... At All Times Mentioned In this Suit, Each Defendants Acted Under the Color Of State And Federal Laws...

(3.) This Is A Civil Law Suit Action Authorized By 42 U.S.C. § 1983 To Redress The Violations And Deprivations Under Color Of Law, Of Rights Secured By the Constitution Of the United States...

(4.) This Honorable Court Has Jurisdiction Under 28 U.S.C. Section 1331 And 1343 (a)(3). Plaintiffs Seeks Declatory Relief Pursuant To 28 U.S.C. Section 2201 And 2202... Plaintiffs Claims For Injunctive Relief Are Authorized By 28 U.S.C. Section 2283 And 2284 And Rule 65 Of the Federal Rule Of Civil Procedure...

(5.) Defendants And Counsel For the Defendants Substantiate And Validate The Fact, That they Are In Full-Awareness Of Judgement By Default Against Them Is Already Fully Established... " A Default Judgement Is A Binding Judgement In Favor Of One Party Because Of Other Party's Failure To Properly Respond, With Findings ... As Evinced In Prior Court Records ... Defendants And Their Counsel Unjustifiably Failed To Respond ...

(6) The U.S. District Court - Eastern District of New York is an Appropriate Venue Under 28 U.S.C. Section 1391(b)(2) Because It Is Where The Events Giving Rise To This Claim Occurred...

(7) Further, The Plaintiffs Humbly Request That These Proceedings Be Reviewed Under The Lesser Standard For "Pro-Se" Briefs As Per Haines v. Kerner, 404 U.S. 519 [1972] [Pro-Se Litigants Pleadings Are To Be Construed Liberally And Held To Less Stringent Standard Than Formal Pleadings Drafted By Lawyers.]...

(8) All Are Sued In Their Individual And Official Capacity. All Are Subordinate To One Another; Therefore All Fall Under The Scope Of Supervisory Liability, Because Of The Fact That They Have Full Knowledge, And Are Witnessing The Wanton, Malicious Severe Unbridled Violations And Deprivations Of Plaintiffs's In-Valuable And Most Precious "Life's Rights", Freedom, And Property Under The Constitutions Of The United States... (See Bell v. Wolfish, 441 U.S. 520 (1979))... But Have Shown Gross Negligence By Allowing And Participating In These Unconscionable Actions To Continue...

(9) Plaintiffs's Are In The Unique Position Where Civil Action Is Invariably Available (See Harris v. MacDonald, D.C. Ill. 1982, 532 F. Supp. 36)... Wherefore, Plaintiffs Are Entitled To Mandamus, Because Of:
  A) A Clear And Certain Claim;
  B) The Duty Owed Is Ministerial And So Plainly

(4.)

PRESCRIBED AS TO BE FREE FROM DOUBT;

c.) AND THERE IS NO OTHER ADEQUATE REMEDY AVAILABLE; (SEE Yu v. Brown 26 F. Supp. 2d 922 (1) New Mexico --

(10) Jurisdiction In this Case Is Proper Under Title 28 U.S.C. 2254; 28 U.S.C. §1331 And 1361, 5 U.S.C. §701 et. seq. And 28 U.S.C. §et. seq. Relief Is Pursuant To Said Statute; In Cases Charging Violations Of Constitutional Rights, Mandamus Is Construed Liberally; (Hammes v. Bd. Of Parole, C.A. 7 (Ill.) 1976, 541 F., 465 F.2d, 844, Reversed On Other Grounds 94. S. Ct. 2940, 418 U.S. 166 41 L.Ed.2d 678 ..; Mandamus ~Key~10; Federal Courts Cannot Refuse To Hear Claims Of Deprivation Of Constitutional Rights On Grounds That The Result Might Be A Directive To An Administrator To Adjust Procedure So As To Comport With Constitutional Guarantees (Andusan v. Weinberger, S.D. N.Y. 1976, 69 F.R.D. 690 Federal Courts ~Key~ 173; Mandamus Lies Both To Compel Compliance With Due Process Requirements And To Provide Court Jurisdiction To Declare Due Process Requirements Applicable To Challenged Proceedings. (Elliot v. Weinberger C.A. 9 (Hawaii) 1977, 564 F.2d 1219, Certiorari Granted 99. S. Ct. 75, 439 U.S. 816, 58 L.Ed.2d 106 Affirmed In Part, Reversed In Part On Other Grounds 99 S. Ct. 2545, 442 U.S. 682, 61 L. Ed. 2d 176, On Remand 607 F.2d 329 - Federal Courts ~Key~526.1; Mandamus ~Key~10;

(5)

(11.) Defendants Refusal To Act In This Case Is, As A Matter Of Law, Capricious And Arbitrary And Not In Accordance With The Laws, Nor The U.S. Constitution... Defendants Have Willfully And Unreasonably, Not Only Delayed And Have Refused To Adjudicate Plaintiffs Law Suit... And Have Cold Flatly Terminated Any Notions As To The Existence Of The Suit Without Any Considerations Due Process, Or Thought Or Respect For The Constitution And Laws Of State Or Federal... Not Even Human Decency, In View Of The Severe Trauma And Plight Plaintiffs Have Gone Through And Are Still Going Through ... Thereby Causing Plaintiffs Deprivations Of Liberty, Pursuit Of Happiness, And Not About Well Beings Being Impinged Upon... ( Defendants Have Inadvertently Established Their Own Documented Evidence In Favor Of The Plaintiffs — "Shot Themselves In Foot"... This Documented Evidence Substantiates And Validates Plaintiffs Suit/Claim- All The Way Around... )...

(12.) Defendants And Counsel For The Defense Are In Clear Violation Of The Constitution And Due Process, And Administrative Procedures Act, 5 U.S.C.A. 701 et. seq. ... And Have Unlawfully Delayed, And Has Attempted To Terminate The Actions Of Plaintiffs Seeking Redress And Justice Of Acts Done Wantonly And Maliciously Flagrant Under The Color Of Law... ( As If The These Incidents Never Occurred ... Further, Defendants, Their Successors In Office, Agents And Employees And All Other Persons Acting In Concert And Participation, With Them Their Administration — "The New York Comptroller's Office, Have Thus Far Failed

(6.)

In their sworn official capacity and oath of office to carry out the adjudicative functions delegated by law and the U.S. Constitution, in regards to Plaintiffs's already established suit/claim case ...

(13). Wherefore; In view of the Arguments, Authority, And the Well Established Claims of the Plaintiffs noted herein and in the entire Court Dockets; Plaintiffs Respectfully Prays that this Honorable Court, will order Defendants with Extreme Prejudice to Pay the Agreed Upon Relief and Damages ... and Granting such other Relief and Damages at Law and Equity as this Honorable Court and Justice Requires, and Deemed Proper as a matter of course ...

Thank You!

Wherefore Under the Penalty of Perjury, the Plaintiffs, Ms. Belinda A. Wilson, and Mr. Roberto V. Hamilton, State and Declare the Foregoing is True And Correct ...

*Belinda A. Wilson*
Belinda A. Wilson

*Roberto V. Hamilton*
Roberto V. Hamilton

4/12/2019

## "Certificate Of Service"

We declare under the penalty of perjury the foregoing to be true and correct... That we the Plaintiffs, Ms. Belinda A. Wilson, and Mr. Roberto V. Hamilton, certify, that I, Roberto V. Hamilton deliver by hand, to the United States District Court – Eastern District of New York, this Order Of Motion "Whom To Sue"

1.) To the Eastern District Court – 225 Cadman Plaza E. Brooklyn, N.Y. 11201

2.) The City Of New York Law Dept. J. Raymond Mechman, III – Assistant Corp. Counsel – Special Federal Litigation Division 100 Church Street, New York, N.Y. 10007

_Belinda A. Wilson_
Belinda A. Wilson

_Roberto V. Hamilton_
Roberto V. Hamilton

04/12/2019

Notary:

C.C: John Raymond Mechman III

(1)   Detective Daniel Donaldson, Shield No. 4772
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      1

(2)   Detective Lenin Guererro, Shield No. 7483
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      ✓
      2

(3)   Police Officer Adam Geslak, Shield No. 29753
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      3

(4)   Detective Matthew Kobel, Shield No. 5311
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      ✓
      4

(5)   Lieutenant Steven Caraballo
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      ✓
      5

(6)   Detective Robert Romano, Shield No. 7517
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      ✓
      6

(7)   Detective Michael Taggart, Shield No. 7633
      New York City Police Department
      Emergency Services Unit
      Floyd Bennett Field
      Edward Hall
      Brooklyn, NY 11234

      ✓
      7

(8) Detective Raymond Ragione, Shield No. 4062
New York City Police Department
Emergency Services Unit
Floyd Bennett Field
Edward Hall
Brooklyn, NY 11234

(9) Detective Jason Jackson, Shield No. 7402
New York City Police Department
Emergency Services Unit
Floyd Bennett Field
Edward Hall
Brooklyn, NY 11234

(10) Sergeant John McGivney, Shield No. 851
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(11) Captain Tony Brown
New York City Police Department
75th Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

(12) Retired Lieutenant Jose Vega
New York City Police Department
1 Police Plaza, Room 110-c
New York, NY 10038

(13) Lieutenant Yeon Jung
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(14) Sergeant Paul Scocca, Shield No. 3616
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(15) Police Officer Jason Smith, Shield No. 16580
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

- 3 -

(16) Police Officer Michael Kalish, Shield No. 90483
New York City Police Department
Emergency Services Unit
Floyd Bennett Field
Edward Hall
Brooklyn, NY 11234

(17) Detective Joseph McEvoy, Shield No. 7393
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(18) Police Officer George Allen, Shield No. 6387
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(19) Police Officer Jeffrey Goris, Shield No. 17322
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(20) Police Officer Dwane Edwards, Shield No. 13814
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(21) Police Officer Carlos Herrera, Shield No. 23317
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

(22) Sergeant Daniel Berardi, Shield No. 729
New York City Police Department
75th Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

(23)  Police Officer Henry Rivera, Shield No. 3959
New York City Police Department
73rd Precinct
1470 East New York Avenue
Brooklyn, NY 11212

These officers may be served with process at the above addresses. Accordingly, we respectfully submit that defendant has complied with the Court's <u>Valentin</u> Order.

Defendant thanks the Court for its consideration in this regard.

Respectfully submitted,

/s/

J. Raymond Mechmann
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  **BY FIRST-CLASS MAIL**
Belinda Wilson
Roberto Hamilton
*Plaintiffs Pro Se*
147 Somers Street, Apt. 1L
Brooklyn, NY 11233